■ FORREST F. COOK et al., Appellants, v. DELAWARE & HUDSON RAILROAD CORP., Respondent. (And 5 Other Actions.) — *Per Curiam.* Special Term correctly ordered stricken certain subdivisions of paragraphs of the plaintiffs' complaints (*Bastek* v. *Lehigh & New England R. R. Co.,* 9 A D 2d 692; *Ames* v. *Pennsylvania R. R. Co.,* 18 Misc 2d 1075). The appellants rely heavily on *Danbois* v. *New York Cent. R. R. Co.* (12 N Y 2d 234) but that case did not concern pleading and is in no way at variance with the long-recognized rules discussed in *Bastek* and *Ames.* The court was correct also in not granting leave to the plaintiffs to serve amended complaints as proof of all of the stricken allegations may, insofar as legally admissible, be received under the remaining allegations of the complaints. Order affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.

■ In the Matter of HERMA D. DUNN, Individually and as Administratrix of the Estate of HERMAN SPRINGHORN, Deceased, et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 43974.) — MEMORANDUM BY THE COURT. Appeal from an order of the Court of Claims which granted respondents' motion for leave to file a claim after the statutory period had expired (Court of Claims Act, § 10, subd. 5). Appellant asserts that the moving affidavits do not show a reasonable excuse for failure to file a claim within the prescribed period. The order was discretionary with the court below and we cannot say that such discretion was improperly exercised. Order affirmed, with costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.